UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

SHERRY JAMES,                           )
                                        )  Case No.:
           Plaintiff,                   )
                                        )
      v.                                )
                                        )  COMPLAINT AND DEMAND
TATE & KIRLIN                           )  FOR JURY TRIAL
ASSOCIATES, INC.,                       )
                                        )  (Unlawful Debt Collection Practices)
           Defendant.                   )

## COMPLAINT

SHERRY JAMES ("Plaintiff"), by and through her attorneys, alleges the following against TATE & KIRLIN ASSOCIATES, INC. ("Defendant"):

### INTRODUCTION

1.   Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*

### JURISDICTION AND VENUE

2.   This Court has subject-matter jurisdiction over this action under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and under 28 U.S.C. §1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.   This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Missouri and because the occurrences giving rise to Plaintiff's cause of action took place and caused Plaintiff to suffer injury in the State of Missouri.

4.   Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in St. Louis, Missouri 63115.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 2810 Southampton Road, Philadelphia, Pennsylvania 19154.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

9. Debt collection is the principal purpose of Defendant's business.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. By way of background, beginning in or around December 2016 or January 2017, Defendant began placing repeated harassing telephone calls to Plaintiff's cellular telephone.

12. Upon information and belief, the debt Defendant was contacting Plaintiff to collect was incurred primarily for personal, family, or household purposes.

13. Defendant's calls derived from multiple telephone numbers, including, but not limited to the number: (215) 586-4530. The undersigned has confirmed that this phone number belongs to the Defendant.

14. Shortly after the commencement of Defendant's harassing calls in or about January 2017, Plaintiff requested Defendant stop calling her and indicated she found Defendant's calls to be harassing.

15. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place additional calls.

16. Despite this clear instruction to stop calling as well as her subsequent demand to stop in or about May 2017, Defendant persisted in calling Plaintiff excessively each day through in or about May 2017.

17. Plaintiff knew that it was Defendant contacting her on a repeated basis as she spoke to collectors who stated their company name during their conversations.

18. Plaintiff also received numerous voice messages from Defendant regarding the alleged debt.

19. Plaintiff found Defendant's calls to be invasive, harassing, annoying, and upsetting during this time period, especially while she was sleeping during the daytime while resting from her late night working shifts.

## COUNT I
### DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE FDCPA

20. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

21. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

22. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA when it called Plaintiff repeatedly between February 2017 and May 2017 knowing that Plaintiff found its calls harassing and wanted the calls to cease.

WHEREFORE, Plaintiff, SHERRY JAMES, respectfully prays for a judgment as follows:

    a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SHERRY JAMES, demands a jury trial in this case.

Dated: February 16, 2018          Respectfully submitted,

                                          By: */s/ Joseph C. Hoeffel*
                                          Kimmel & Silverman, P.C.
                                          30 East Butler Pike
                                          Ambler, PA 19002
                                          Phone: (215) 540-8888
                                          Fax: (877) 788-2864
                                          Email: jhoeffel@creditlaw.com
                                          **Attorney for Plaintiff**